```
 1                  UNITED STATES DISTRICT COURT

 2             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,        )
                                      )
 5        Plaintiff,                  ) No. 20-CR-2887-WQH
                                      )
 6           v.                       ) August 3, 2021
                                      )
 7   ANTHONY DUANE BELL SR            ) 9:16 a.m.
     ANTHONY DUANE BELL JR,           )
 8                                    ) San Diego, California
          Defendants.                 )
 9   _____

10

11                  TRANSCRIPT OF STATUS HEARING
                BEFORE THE HONORABLE WILLIAM Q. HAYES
12                  UNITED STATES DISTRICT JUDGE

13   APPEARANCES:

14   For the Plaintiff:      United States Attorney's Office
                             By:  VALERIE CHU, ESQ.
15                           880 Front Street, Room 6293
                             San Diego, California  92101
16
     For the Defendants:     James Bell PC
17                           By:  James Samuel Bell
                             2808 Cole
18                           Dallas, Texas 75204

19
     Also present:          Marcel Stewart for Mr. Bell Sr.
20                          Douglas Oden for Mr. Bell Jr.

21

22   Court Reporter:        Melinda S. Setterman, RPR, CRR
                            District Court Clerk's Office
23                          333 West Broadway, Suite 420
                            San Diego, California 92101
24                          melinda_setterman@casd.uscourts.gov

25   Reported by Stenotype, Transcribed by Computer
```

1       SAN DIEGO, CALIFORNIA, AUGUST 3, 2021, 9:16 A.M.

2                              * * * *

3              THE CLERK:  Number 1, 20-CR-2887, United States of

4       America vs Anthony Duane Bell Sr, Anthony Duane Bell Jr, status

09:16   5       hearing.

6              MS. CHU:  Good morning, Your Honor.  Valerie Chu for

7       the United States.

8              MR. STEWART:  Good morning, Your Honor.  Marcel

9       Stewart appearing as waiver counsel for Mr. Bell Sr, along with

09:17  10       Doug Oden, appearing for Mr. Bell Jr.

11              THE COURT:  All right.

12              ATTORNEY JAMES BELL:  Your Honor, James Bell appearing

13       for the defendants.

14              THE COURT:  All right.  So Mr. Bell, is there a motion

09:17  15       to withdraw?

16              ATTORNEY JAMES BELL:  Yes, Your Honor.

17              THE COURT:  And Mr. Stewart.

18              MR. STEWART:  Yes, Your Honor.  We are -- we'll want

19       to be heard on the motion.  Essentially at the end of the day

09:17  20       I'll explain why.  We'll request that the Court hold that in

21       abeyance and set another status for 30 days out to give both --

22       both Mr. Bell Sr and Jr an opportunity to secure new counsel.

23              There is some issues that I believe if counsel is

24       allowed to withdraw right now that it will leave the clients, I

09:17  25       believe, in a very bad situation and possibly unable to retain

1  new counsel, but we can get into whatever the Court would like

2  to.

3       THE COURT:  Well, Mr. Bell -- Mr. -- attorney James

4  Bell is seeking to withdraw, and he's indicated to the Court

09:17  5  that he has an irreconcilable conflict and also -- well,

6  primarily a irreconcilable conflict, is that right,

7  representing both defendants?

8       ATTORNEY JAMES BELL:  Yes, Your Honor.

9       THE COURT:  All right.  And so I don't -- if he has a

09:18  10  conflict and as an officer of the court he has indicated that

11  he does, I am not inclined to delay that.  Obviously I would

12  give the clients time to retain counsel so that they -- are you

13  speaking on behalf of Mr. Bell Sr?

14       MR. STEWART:  Bell Sr, and I believe it would also

09:18  15  apply with Mr. Bell Jr.  If the basis for counsel withdrawing

16  is irreconcilable conflict in terms of representing both,

17  then -- I would like, Your Honor, for there to be just, if the

18  Court would allow, a little bit of explanation on the record.

19  The reason being, Your Honor, there is a very significant issue

09:18  20  that right now both clients are left in a position with no

21  resources to retain counsel.

22       Attorney Bell had received about six.  Almost $700,000

23  from them, and if he is now resolved -- withdrawing because

24  there is a conflict that was not properly disclosed and the

09:19  25  case has not really moved far enough along, Your Honor, in all

1   fairness I think that there should be an opportunity for the

2   clients to try to work with Mr. Bell to try to get some funds

3   so that they can retain new counsel before he is simply out the

4   door.

09:19   5        THE COURT:  I think that -- clearly, the issues with

6   respect to payment, the issues with respect to attorney/client

7   relationships between the Bells and Attorney Bell, I am not

8   deciding that.  That is an issue for them to decide, and there

9   is other forums for that to be decided in, and so I don't find

09:19   10   that to be an appropriate reason for Mr. James Bell to be

11   required to remain in the case.

12        I mean, obviously the Bells themselves, the clients,

13   if there is an attorney/client dispute between them and their

14   client and their lawyer or their former lawyer, that is an

09:20   15   issue that is, you know -- there are other avenues and other

16   ways for those to be resolved and other bodies that can resolve

17   that, but this isn't -- I don't resolve that dispute.

18        Mr. Bell has indicated to me that he has an

19   irreconcilable conflict.  I don't think that it is appropriate

09:20   20   at this point for him to be required, you know, to put on the

21   record what that conflict is between the lawyers -- between he

22   and his clients.  I accept him as an officer of the court.  I

23   raised the issue myself concerning conflict and whether or not

24   a conflict could ultimately occur, and I was concerned that it

09:20   25   would.  He's represented to me that he cannot -- he wishes to

1    withdraw based on the conflict.

2        So does the government wish to be heard?

3        MS. CHU:  Your Honor, the only thing that I would

4    adhere is that there is a local rule that governs withdraw of

09:20    5    counsel, and that is Rule 44.1B that provides that failure of a

6    defendant to pay agreed compensation must not be deemed good

7    cause for withdrawal.  I don't know based on what has been

8    proffered today if that is the basis or as proffered the

9    irreconcilable differences and otherwise breakdown of

09:21    10    attorney/client relationship.

11        I just put that out there.  I don't have an opposition

12    as I indicated to Mr. Bell this morning to his motion to

13    withdraw.  I have no say in that.  I have no input, but I just

14    note that -- but I think the Court is right if that were to be

09:21    15    disputed, then there is other forums for that.

16        THE COURT:  I have no indication and no understanding

17    or belief that has anything to do with payments -- that

18    payments have not been received.  One lawyer represents two

19    people in a criminal case, and it is not hard to imagine that

09:21    20    at some point there is going to be a conflict, and here we're.

21    And I have to say I anticipated it, and I expected it, and so

22    here we are.

23        MR. STEWART:  Your Honor, I would say just for the

24    record is clear for Bell Sr, he would like -- and perhaps if

09:21    25    the Court would allow for prosecutors to leave the room -- he

1  would like some understanding of what the nature is of this

2  conflict from his attorney who has not advised him of that, so

3  he would like to understand.

4  At this point he's opposed today to the Court granting

09:22   5  that motion for some of the reasons why I indicated, as well as

6  for the reasons that I don't believe that counsel has explained

7  to him the basis for this motion, and I think that as a client

8  he can determine whether or not he consents or not.

9  THE COURT:  Well, Mr. Bell.

09:22  10  ATTORNEY JAMES BELL:  Yes, Your Honor.  May it please

11  the Court -- if it may please the Court, my concern is in

12  accordance with California Rule 1.16D.  I think any disclosure

13  at this point would prejudice the clients severely, and I think

14  once that bell has been rung, it can't be unrung, so unless

09:23  15  they are willing to do a waiver of attorney/client privilege,

16  or waive that -- I'll leave it to Your Honor's wisdom with what

17  you would like me to do.

18  But I hope you trust that as an officer of the Court,

19  communication -- well, I don't want to get into it.

09:23  20  THE COURT:  Right.  And I understand.

21  Mr. Stewart, the Bells object, is that correct, that

22  the Bells object to Mr. James Bell being relieved?

23  MR. STEWART:  Yes, Your Honor.  It just simply in

24  terms of any conflict right now, Mr. Bell represents the both

09:23  25  of them, and so in terms of disclosing information, certainly

1    we would request that there was some type of disclosure that

2    the prosecutor leave the room.

3            But I think in all fairness, the clients have not been

4    advised of this reason for the withdrawal, and they would like

09:23   5    to know prior to the Court accepting it.

6            THE COURT:  I understand.  Counsel, anything you would

7    like to add?  You represent Mr. Bell Jr; is that right?

8            MR. ODEN:  Yes.  Douglas Oden on behalf of Anthony

9    Bell Jr.

09:24   10            Your Honor, our position is basically if the attorney

11    wants to withdraw, that is a position that the Court has to

12    take a look at, and Mr. Bell certainly wants an opportunity to

13    have time to retain private counsel, and we would like the

14    Court, if the motion is granted, that he at least have

09:24   15    sufficient time to explore other counsel on this matter.

16            THE COURT:  Right, absolutely.

17            I understand that the client's object to it.  I

18    understand that there may be some issues with respect to -- I

19    don't know if there is anything with respect to the fee issue.

09:24   20            Do any of your clients want to say anything?  I

21    listened to both of yo.  Is there anything that they want to

22    add, Mr. Bell Sr?

23            DEFENDANT BELL SR:  Yes.  This all happened on a

24    Friday at the 11th hour and hit us like a ton of bricks, so

09:24   25    that is why it is important to me and to my son to have a fair

1 opportunity to gather our pieces together. I mean, this is

2 something that we didn't see coming. This was -- we had no

3 indication that Mr. Bell was going to hit us with a sudden

4 motion to withdraw.

09:25 5 I received an email from his office of a draft of a

6 motion to withdraw out of the blue. I think it was Friday and

7 I am, like, what happened? So my position is we need time

8 to -- to swallow this, because now we're in a position, we're

9 just out in the wind, just flailing in the wind. That is how I

09:25 10 feel, so that is all I would like to say.

11 THE COURT: I understand. Mr. Bell Jr, anything you

12 want to say, sir?

13 DEFENDANT BELL JR: Yes, Your Honor. Same position as

14 my father. It kind of hit last minute, and we're here today,

09:25 15 so that is not sufficient time to be able to get together and

16 think and be able to sit with someone actually and get a good

17 understanding.

18 THE COURT: Right.

19 DEFENDANT BELL JR: So I feel the same position as I

09:25 20 think Your Honor. You kind of feel where we're coming from as

21 well.

22 THE COURT: I do. I understand. Thank you, sir.

23 Based upon the motion, though, from Mr. James Bell,

24 the attorney, that is indicating that circumstances have arisen

09:26 25 that an actual conflict exists, including but not limited to

1 irreconcilable differences and a breakdown of attorney/client

2 relationship, I am going to grant the motion to withdraw based

3 upon his representation that there is an actual conflict.

4 And I have long been concerned about whether there

09:26 5 was -- whether an actual conflict would come about.  I think it

6 is fair to say that there wasn't an apparent conflict, and we

7 had a discussion the last time these gentleman were here about

8 waivers and whether waivers would be sufficient, but certainly

9 the law is clear that the Court is not required to wait until

09:26 10 an actual conflict exists before acting.

11 And in this instance, based on Mr. James Bell's

12 comments -- or his representation that an actual conflict

13 exists, I find it is appropriate to grant the motion to

14 withdraw.

09:27 15 But I am not at all involved in the attorney/client

16 relationship between the Bells and Mr. Bell, the attorney, with

17 respect to fees that were paid or representations or anything

18 that was made.  That is not an issue that I address.  That is

19 for -- there are other entities that address that.

09:27 20 I am dealing with the one legal issue before me and

21 that is, is this gentleman, Mr. James Bell who represents

22 Mr. Anthony Duane Bell Sr and Mr. Anthony Duane Bell Jr.  He's

23 advised me that one of the grounds is an actual conflict which

24 is not hard to imagine in a criminal case where one lawyer

09:27 25 represents both defendants.

1          Now that the Bells now are unrepresented, the issue

2     comes about, they need to be given an opportunity to retain

3     counsel.  They've indicated previously that they want retained

4     counsel and they have the ability to retain counsel, so the

09:27   5     issue is:  How much time do they want to look into that issue?

6          Now, Mr. Stewart, do you want me to address you, or do

7     you want me to address Mr. Bell Sr?  Have you had a chance to

8     talk to him or -- what is your request?

9          MR. STEWART:  Yes, Your Honor.  I've had a chance to

09:28  10     speak at length with Mr. Bell Sr, and we are in discussions.

11     He would like me to represent him, and we were just about -- we

12     were working on that.  There is, of course -- we're trying to

13     work through the resource issue.

14          I know that -- I don't believe that Mr. Bell Jr has

09:28  15     had an opportunity to consult yet with an attorney particularly

16     at any length to start working through potential

17     representation.

18          I think at a minimum, Your Honor, 30 days is needed

19     because there will need to be some discussions to see exactly

09:28  20     what is going to grow out of this prior attorney/client

21     relationship and to also formalize some new attorneys for the

22     Bells, so I would say -- gentleman, 30 days would you prefer me

23     to ask 60 days?

24          DEFENDANT BELL SR:  30 days is fine.

09:28  25          THE COURT:  All right.  So why don't we do this

1   then -- Mr. Bell.

2            ATTORNEY JAMES BELL:  May I be heard?

3            THE COURT:  Sure.

4            ATTORNEY JAMES BELL:  I would respectfully suggest

09:29   5   perhaps either 45 or 60 days because the file is very

6   voluminous.  It took the government nine months, I think, to

7   get us -- so in order to get it to new counsel and then there

8   is some signatures required on under the protective order,

9   there is some kind of speed bumps --

09:29   10            THE COURT:  All right.  So why don't we do this, I'll

11   go out about 45 days -- I'll go out to a little bit more.  I'll

12   go out to September 20th for a status of counsel.  So we'll put

13   it on for status of counsel on September 20th, I'll say at

14   9:00, but I do these at set times, so just watch the calendar

09:29   15   as to what time it will be.  We'll say September 20th.

16            And if the Bells, Mr. Anthony Bell Sr and Jr, if you

17   are ready sooner and you have counsel that is retained sooner

18   and you are ready to go sooner, then you can advise your

19   counsel to contact the Court, and I can bring -- I can advance

09:30   20   the date.

21            If it is a case that it appears that it looks like you

22   need -- you are going to need more time and you are close but

23   you are working diligently but for whatever reason you need

24   more time, then I would strongly consider more time.

09:30   25            But you both need to understand, what I am going to

1    do -- I what I am going to do is exclude time from the speedy

2    trial clock.  I am going to exclude time from now until

3    September 20th because of interruption of counsel.

4         And so during this period of time, the speedy trial

09:30   5    clock is tolled, so that is where I am going to exclude time

6    from now until September 20th.

7         MS. CHU:  If I may, Your Honor, just for purposes of

8    record, certainly as the Court is aware, defendants have a

9    Sixth Amendment right to retain counsel of their choice.  We've

09:30   10   heard today that they have some concerns about that, and of

11   course, it has been proffered before that waivers were signed

12   before when a conflict was raised.

13        So I -- for the purposes of their exercise of their

14   Sixth Amendment right, given their expression of objection at

09:31   15   this point to the withdrawal, Your Honor, I would just ask the

16   Court to confirm that they would -- would like to retain new

17   counsel given the Court's order at this point, that either at

18   this time or in the future -- again they've decided that

19   they -- that they object to withdraw of this counsel.

09:31   20        And certainly the government has raised an issue

21   regarding conflict.  The Court has not litigated or decided

22   based on the pleadings of that particular issue, has just taken

23   the withdrawal at this point, to which the defendants object

24   after having issued waivers of -- and of retaining the waiver

09:31   25   of counsel for that person to explore whether those waivers are

1   appropriate, so I am a little concerned here that their rights

2   -- Sixth Amendment rights are respected and honored given kind

3   of where we got to and a little bit of their being caught off

4   guard or caught by surprise.

09:32   5          THE COURT: I guess I don't understand the question.

6          MS. CHU: Your Honor, I would just --

7          THE COURT: I granted a request to withdraw based on

8   an actual conflict, so I accept that. I accept that there is

9   an actual conflict. And so Mr. Bell Sr -- Mr. James Bell has

09:32   10   been relieved and that both gentleman, Anthony Bell Sr and Jr,

11   have indicated that they want to have -- they wish to retain

12   their counsel, so I've given them until the date set for them

13   to retain counsel.

14          Obviously if they are unable to retain counsel, don't

09:32   15   have the financial resources to retain counsel, then the Court

16   would appoint counsel for them, but we haven't gotten there.

17   Counsel has indicated that they wish to retain counsel.

18          MS. CHU: I would ask at this point, Your Honor,

19   because what I heard they oppose the withdrawal --

09:33   20          THE COURT: They do.

21          MS. CHU: -- but at this point given the Court's

22   finding that this is a conflict that they wish to retain

23   different or new counsel.

24          THE COURT: Right.

09:33   25          MS. CHU: I would just ask that they confirm that.

1       THE COURT:  Well, they've -- they want the time to

2  retain counsel.  I am not going to question them if that is

3  what you are asking me to do.  They indicated how much time

4  they want, and I am going to give them time to do that.

09:33    5       Yes, sir.

6       MR. STEWART:  Your Honor, one issue -- and I

7  understand the government's point.  I think it is clear on the

8  record that they've objected to the motion to withdraw --

9       THE COURT:  Sure.

09:33  10       MR. STEWART:  -- that the Court has granted over their

11  objection.  Government counsel is raising a concern as far as

12  their Sixth Amendment right to keep him on the case for now,

13  but Your Honor --

14       THE COURT:  But they don't -- you don't have a Sixth

09:33  15  Amendment right to have counsel that has a conflict.

16       MR. STEWART:  Right.  And so that is the next point.

17  I would ask this Court that just this matter, for a variety of

18  reasons, may get reviewed, will the Court make a finding of

19  fact as to this actual conflict for the record?

09:34  20       THE COURT:  Mr. Bell has indicated to me that he has

21  an actual conflict between -- with the two -- with -- in a

22  criminal case with the two defendants, and is it the case that

23  you don't think that he does, or there is some dispute about

24  whether he has an actual conflict or not?

09:34  25       MR. STEWART:  I think that that is -- since he's

1    making the motion is for him to lay it out, Your Honor.

2          THE COURT:  I think part of the problem is Mr. Bell is

3    in a difficult position because he -- I am the judge that is

4    going to try the case, so he is in the position where he may

09:34  5    not want to disclose facts that may put his client in -- one of

6    his clients in a difficult light, and that is what I understand

7    Mr. Bell to be saying.

8          Is that -- you are sort of in a choice here between,

9    as an officer of the Court, you are in a criminal case, and you

09:34  10    are represent two defendants, and I understood his comments to

11    be that he has ethical concerns that if he is learned

12    information from one that is derogatory towards another and

13    then I tell him, tell me what it is, and then he tells me that

14    -- something that is very unfavorable for one of his clients,

09:35  15    now he's concerned that what he has done is disparage the

16    client in front of the judicial officer who is going to hear

17    the case.

18          Is that -- was my understanding correct?

19          ATTORNEY JAMES BELL:  I couldn't have said it better

09:35  20    myself, Your Honor.  It was well put, yes.

21          THE COURT:  I think that is the problem he has.  He is

22    saying I have an actual conflict, I represent both defendants.

23    And you want him to tell me, say what this thing is, and -- for

24    argument sake -- hypothetically, put this aside, and let's talk

09:35  25    about somebody else who has two defendants, they represent two

1  defendants at one time, and then one defendant comes to them

2  and says, I -- I did it, and I am going to perjure myself, and

3  the other guy I am going to lie about, tells him something that

4  is very negative, and so the lawyer comes and tells the judge,

09:36  5  hey, my client said he is going to do this, this, and this, and

6  he's committed this offense in front of the judicial officer.

7       So is there a debate here that you think he doesn't

8  have a conflict so he is required to remain in the case even

9  though he believes he does?

09:36  10       MR. STEWART:  Your Honor, I'll say now, Your Honor --

11  and the Court has raised really what is the issue since the

12  inception this bad decision to represent both parties.

13       But I would request, Your Honor, if now Mr. Bell is

14  saying that all of a sudden an actual conflict has arisen, if

09:36  15  nothing else, if he could at least indicate for the Court's

16  benefit when all of a sudden did he determine that now there is

17  an actual conflict.  Because I believe that is important

18  particularly given that the clients say they have not been

19  advised of that.

09:36  20       If so nothing else, I would ask the Court to inquire,

21  okay, you are representing now you have an actual conflict, if

22  nothing else for the benefit of the parties so they could

23  understand, what -- when did the actual conflict arise?

24       THE COURT:  You represent Mr. Anthony Bell Sr for

09:37  25  today's proceeding.

1          MR. STEWART:  Correct, Your Honor.

2          THE COURT:  So you are represent him for today, and

3     your role here today is to object to his former lawyer,

4     Mr. Bell, withdrawing.  Is that it?  Is that the only thing you

09:37    5     are here for?

6          MR. STEWART:  No.  It is right to deal with this --

7          THE COURT:  You either represent your client or you

8     don't.

9          MR. STEWART:  I represent him with regard to dealing

09:37    10    with the waiver issue, and I think with the waiver issue --

11    there is a few things embedded in it, in terms of knowing and

12    intelligent, whether it was, and when it was, and now that

13    counsel has indicated that --

14         THE COURT:  So is your position then that the waiver

09:37    15    was valid or not valid?

16         MR. STEWART:  My position is that the waiver has never

17    been valid and they were never properly advised, and I think

18    that the fact --

19         THE COURT:  Let's play this out.  If the waiver was

09:37    20    invalid and they were never properly advised of the conflict,

21    then their waiver of a potential conflict was invalid.  Is that

22    your point?

23         MR. STEWART:  I believe -- I believe it actually was,

24    yes, Your Honor.

09:38    25         THE COURT:  So their waiver of the conflict with

1  Mr. Bell, the attorney, was invalid?

2          MR. STEWART:  I believe so, Your Honor.

3          THE COURT:  Excuse me for interrupting, but I guess

4  what I don't understand, if your position is -- if your

09:38  5  position now is with respect to the conflict and the waiver

6  that your client was never sufficiently advised of the conflict

7  and the waiver they gave was not knowing and intelligent

8  because of incorrect information or -- or incomplete

9  information, despite that, despite that there being an

09:38  10  ineffectual waiver there is still an objection to counsel

11  withdrawing?

12          MR. STEWART:  And the only objection, Your Honor, is

13  for, I would say, for a period of time so that -- so that the

14  two clients can try to work with their existing client -- their

09:38  15  existing attorney, particularly with regard to -- I'm sorry.

16          THE COURT:  To getting a new lawyer, I've already done

17  that.  I guess I don't understand the dispute.

18          MR. STEWART:  Not only that, Your Honor, but part of

19  their ability to get a new lawyer is to try to get back some of

09:39  20  this six, $700,000 that this lawyer has taken from them when he

21  is saying that there is a conflict that has been there the

22  whole time.

23          THE COURT:  That is a dispute between the lawyer --

24  between the clients and the lawyer, and so I agree with you

09:39  25  with the waiver.  I had concerns about the waiver, and that is

1    why part of this procedure was for both of the Bells to get

2    independent lawyers with respect to the waivers because they

3    needed to be advised about the waivers.

4         You can't have the lawyer who represents both and

09:39 5    advise them on the waiver.  You need to have independent

6    counsel to advise them on the waiver, and it appears that is

7    what they have done, that they have sought out independent

8    counsel to advise them on the waiver.

9         During this period of time that Mr. Bell has concluded

09:39 10   -- and maybe circumstances have changed -- that he has an

11   actual conflict, that an actual conflict exists, and so I

12   accept his representation.  I accept his reticence to disclose

13   to the Court what the particular actual conflict is because

14   he's indicated he has some concerns about whether ethically he

09:40 15   can do that.

16        So I am going to grant the objection -- I am going to

17   grant his motion to withdraw.  I know the Bells want him to

18   remain, although the counsel with respect to the waiver has

19   taken the legal position that the waiver that he gave was

09:40 20   ineffective.  That is an interesting position to object to the

21   lawyer who has a conflict withdrawing.

22        But be that as it may, here's the ruling:  Mr. Bell,

23   Mr. James Bell is permitted to withdraw based on his

24   representation that he has an actual conflict, and he's

09:40 25   representing two people in a criminal case, and I have been

1  concerned with that from the moment I learned about him

2  representing two people in the same case.

3        And my concern was if there was -- there was an

4  apparent conflict, and I was concerned it would grow into an

09:40  5  actual conflict, and apparently that is what has happened.

6        With respect to the Bells, they have a right to retain

7  conflict-free counsel.  They have a right to conflict-free

8  counsel, and so I have given them until the date set, which is

9  in September, to give them time to make arrangements to obtain

09:41  10  a lawyer -- retain a lawyer.  If they need more time, I'll

11  likely give them more time.  I understand that it takes some

12  time to find somebody that you are comfortable with.

13        With respect to the contractual obligations between

14  Mr. James Bell and his clients over money that was paid or

09:41  15  representations that were made or understanding or any of those

16  things, that is not a matter that I get involved in.  That is a

17  matter between Mr. Bell and his clients, and there are remedies

18  and issues -- ways for that to be resolved.  That is not part

19  of this proceeding, so I am not going to question Mr. Bell and

09:41  20  ask him about things that relate to a dispute between he and

21  his clients over fees paid or money that you was earned or any

22  of those things.

23        I am not involved in that.  I am involved simply in

24  the legal dispute.  I have expressed, as I mentioned, I had

09:42  25  long concerns about a conflict in a criminal case where one

person represents two people, and the waiver was -- my concern

was they needed independent counsel, and I am pleased that they

went and got independent counsel to advise them on it.

And certainly counsel for Mr. Bell, his position was

09:42   the waiver was ineffective, the waiver that Mr. Bell Sr signed

with respect to the joint counsel, so we don't need to get

there because I have granted the motion to withdraw.

In order for him to remain, I would have had addressed

the waiver issue, and so we don't have to address it now

09:42   because I granted the motion.

So with respect to the Bells, if you need more time

I'll-likely give it to you.  I understand it could take some

time.  What I am explaining, though, is that I am going to what

is called exclude time between now and the date set for the

09:43   status, and if you are -- you retain counsel and your counsel

is ready earlier and they want to proceed earlier, let me know.

We'll have you come in earlier.

And what has -- I think I mentioned earlier, you have

a right to retain counsel.  Whatever the issues are between you

09:43   and your former counsel now, Mr. James Bell, with respect to

funds paid, that is between you and him, and I'll leave it at

that.

In the unlikely event that you are unable to retain

counsel because you don't have the resources, that is a

09:43   separate issue, and then obviously then you would be entitled

1    to appointed counsel, but we're not there yet.  You've

2    indicated from the very beginning that you wish to have

3    retained counsel.

4         And even when we addressed the issue with respect to

09:43  5    counsel to advise you on the effectiveness of the waivers, I

6    recall both of you gentleman indicated that you wanted to

7    retain lawyers to advise you on the waivers.  You did not want

8    the Court to appoint people to advise you.  You wanted to

9    select your own lawyer to advise you on those issues.

09:44 10         So that is where we are.  So thank you for your

11   appearances today -- counsel, is there anything that you wanted

12   to add.  I let Mr. Stewart speak a few times.  Mr. Stewart, he

13   is not shy about speaking, and you are a bit -- you waited a

14   little bit more for your turn to be called upon.

09:44 15         MR. ODEN:  Right.  I was giving deference to the

16   Court.

17         THE COURT:  I appreciate that.

18         MR. ODEN:  I appreciate your ruling, and we are ready

19   to go forward.

09:44 20         THE COURT:  Thank you for your appearance.  The Bells

21   -- Mr. Bell Sr.

22         DEFENDANT BELL SR:  Your Honor, may I speak?  Now that

23   we don't have counsel, there are things that we need to do.

24   With business -- we travel for business and my granddaughter

09:44 25   starts her 1st day of school, first day, and I want to be

1   there.  She lives in Las Vegas.  And now that I can not call

2   Mr. Bell, and say, hey, can you file a motion to grant our

3   travel?  We're not a night risk.

4           THE COURT:  Are your conditions of pretrial release,

09:45   5   are you restricted to San Diego County or LA County?

6           DEFENDANT BELL JR:  Southern California.

7           DEFENDANT BELL SR:  Southern California.

8           We both have trucking companies, and sometimes a truck

9   breaks down on the road and we need to go and be with the guy

09:45   10   or the guy will leave it there, so guess what, you have to get

11   it and take it put it somewhere.  We've been restricted from

12   all that.

13           THE COURT:  So you want to go to Las Vegas.

14           DEFENDANT BELL SR:  Yes.  I want to go to Las Vegas.

09:45   15           THE COURT:  Mr. Bell Jr.

16           DEFENDANT BELL JR:  Yes.  It is my daughter.  As far

17   as the travel, it is restrictive.  And I have a trucking

18   company.  And sometimes I need to go with my trucks and my

19   drivers, state to state and do inspections as an owner, and I

09:45   20   haven't been able to do anything.  It has been a hindrance.

21           THE COURT:  What states?

22           DEFENDANT BELL JR:  I am in Houston, Las Vegas.  I can

23   go to New York.  Sometimes it is Denver.  It is the 48 states.

24           DEFENDANT BELL SR:  Mostly the 48 states.

09:46   25           THE COURT:  Why don't we do this -- does the

1   government want to be heard?

2          MS. CHU:  No, Your Honor.

3          MR. STEWART:  Your Honor, I did speak to government

4   counsel.  The government's position is they are not opposed to

09:46  5   the Court lifting the travel restriction within the US, just as

6   long as the parties just get permission from pretrial.

7          THE COURT:  Here's what we'll do, I'll modify it.

8   Then the government can notify pretrial to say that the

9   conditions of your pretrial have been amended to allow travel

09:46  10   within the continental United States.

11          DEFENDANT BELL JR:  Thank you, Your Honor.

12          THE COURT:  That should resolve those issues.

13          Anything else?

14          MS. CHU:  No, Your Honor.  Thank you.

09:46  15          THE COURT:  All right.  So at some point the Bells,

16   we'll see you back here with your new counsel at the date set,

17   which is September 20th, 9:00 AM.  Tell your counsel just to

18   check for the particular time on the calendar.  Thank you.

19          And, Mr. Bell, thank you for your appearances in the

09:46  20   case.

21          ATTORNEY JAMES BELL:  Thank you, Your Honor.  May I be

22   excused?

23          THE COURT:  Yes.  Thank you.

24      (Proceedings concluded at 9:46 a.m.)

25                              ---000---

1

2                      C-E-R-T-I-F-I-C-A-T-I-O-N

3

4          I hereby certify that I am a duly appointed, qualified

5    and acting official Court Reporter for the United States

6    District Court; that the foregoing is a true and correct

7    transcript of the proceedings had in the aforementioned cause;

8    that said transcript is a true and correct transcription of my

9    stenographic notes; and that the format used herein complies

10   with the rules and requirements of the United States Judicial

11   Conference.

12          DATED:  August 7, 2021, at San Diego, California.

13

                                  /s/ Melinda S. Setterman
14                             _____
                                  Melinda S. Setterman,
15                                Registered Professional Reporter
                                  Certified Realtime Reporter
16

17

18

19

20

21

22

23

24

25