**United States v. ANTHONY BELL, JR, Case No. 20CR2887-WQH**

**FINANCIAL ADDENDUM**

1. Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

### A. Forfeiture

i. In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States any property, real or personal, which constitutes or are derived, from proceeds traceable to violations of Title 18, United States Code, Section 1349 (Conspiracy to Commit Wire/Mail Fraud and Health Care Fraud); and Title 18, United States Code, Section 1347 (Health Care Fraud); and Title 42, United States Code, Section 1320-7b(b)(2)(A) (Anti-Kickback Statute).

ii. Defendant consents to the forfeiture allegations of the Indictment and agrees to forfeit all properties seized in connection with the case, including, but not limited to:

a. $536,422.59 in funds from Acct # 6278570285 held in the name of Universal Medical Solutions LLC at Wells Fargo bank;

b. $269,952.56 in funds from Acct # 6278570293 held in the name of Universal Medical Solutions LLC at Wells Fargo bank;

c. Real property located at 5034 Bluff Place, El Cajon, California 92020 including all appurtenances, improvements, and attachments thereon, more particularly described as:

APN: 493-400-57-00
PARCEL A:
PARCEL 4 OF PARCEL MAP NO. 1155, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, DECEMBER 14, 1972, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, BEING A PORTION OF TRACT "A" OF

```
 1  RANCHO EL CAJON, AND BEING IN SECTION 14, TOWNSHIP 16 SOUTH, RANGE 1
    WEST, SAN BERNARDINO MERIDIAN.
 2  PARCEL B:
    AN EASEMENT AND RIGHT OF WAY FOR GENERAL ROAD PURPOSES OVER THE SOUTH
 3  20 FEET OF THE FOLLOWING DESCRIBED LAND:
    THAT PORTION OF LOT "A" OF THE RANCHO EL CAJON, BEING ALSO A PORTION OF
 4  SECTION 14, TOWNSHIP 16 SOUTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN,
    IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
 5  BEGINNING AT A POINT ON THE SOUTH LINE OF SAID SECTION 14, DISTANT
    THEREON SOUTH 89° 17' EAST, 653 FEET FROM THE QUARTER CORNER OF THAT
 6  SAID SOUTH LINE OF SAID SECTION 14; THENCE SOUTH 89° 17' EAST ALONG THE
    SAID SOUTH LINE OF SAID SECTION 14, 210 FEET; THENCE NORTH 0° 06' WEST
 7  PARALLEL WITH THAT LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 14,
    550 FEET TO THE SOUTHEAST CORNER OF THE LAND CONVEYED TO ROBERT LIVESEY
 8  AND LETHA M. LIVESEY, BY DEED DATED MARCH 1, 1927, RECORDED IN BOOK
    1340, PAGE 124 OF DEEDS, RECORDS OF SAN DIEGO COUNTY; THENCE NORTH 89°
 9  17' WEST ALONG THE SOUTH LINE OF THE LAND SO CONVEYED TO SAID LIVESEY,
    210 FEET TO THE SOUTHWEST COMER OF SAID LIVESEYS' LAND; THENCE SOUTH 0°
10  06' EAST, 550 FEET TO THE POINT OF BEGINNING.
    PARCEL C:
11  AN EASEMENT AND RIGHT OF WAY FOR INGRESS AND EGRESS OVER THE WEST 30
    FEET OF LOT 35 OF HORIZON HILLS ESTATES UNIT NO. 1, IN THE COUNTY OF
12  SAN DIEGO STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 3658, FILED
    IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 5, 1957.
13
```

   iv. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant and as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations

under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant waives all demand for payment of the forfeiture judgment and waives all notices for substitution of property to collect the full amount of the judgment.

   v. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

   vi. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

   vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

  C. **FINE**.

   i. Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith

Financial Addendum   3   Def. Initials ABJ

20CR2887-WOH

effort to pay any fine. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

  ii. The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the fine. Defendant agrees to entry of the fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest the TOP offsets.

  iii. The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

**D. ADDITIONAL TERMS**

 i. Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture or fine ordered pursuant to this agreement, including any claim that the forfeiture or fine constitutes an excessive fine or punishment under the United States Constitution.

ii. The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2019 until the fine is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

iii. Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to September 18, 2020, direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since September 18, 2020, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

iv. From the date this financial addendum is executed until the fine and/or forfeiture judgment is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly,

and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers <u>any</u> interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

v. Defendant understands that the fine is delinquent until paid in full. Until the fine is paid in full, Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition.

vi. Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

\*\*\*\*

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

6/27/23
Date

*[signature]*
**ANTHONY DUANE BELL, JR.**
Defendant

6/27/23
Date

*[signature]*
**KEITH RUTMAN**
Defense Counsel

6/27/23
Date

*[signature]*
RANDY S. GROSSMAN
United States Attorney
**CHRISTOPHER ALEXANDER**
**VALERIE H. CHU**
Assistant U.S. Attorney

Financial Addendum

6

Def. Initials ABJ
20CR2887-WOH